IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | |
|---|---|
| **CAMERON PARISH RECREATION #6** | **CIVIL ACTION NO. 2:22-cv-5287** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, AND OLD REPUBLIC UNION INSURANCE COMPANY** | **MAGISTRATE JUDGE KATHLEEN KAY** |

**NOTICE OF APPEAL**

Notice is hereby given that Defendants Indian Harbor Insurance Company, QBE Specialty Insurance Company, General Security Indemnity Company of Arizona, United Specialty Insurance Company, Lexington Insurance Company, Safety Specialty Insurance Company, and Old Republic Union Insurance Company (collectively, the "Domestic Insurers") appeal to the United States Court of Appeals for the Fifth Circuit from the Memorandum Order entered on March 1, 2023, and all adverse opinions and orders forming the basis of that Order.

This Order is appealable under 9 U.S.C. §§ 16(a)(1)(A), (B), and (C) because it effectively denied the Domestic Insurers' motion to compel arbitration under 9 U.S.C. §§ 4 and 206 and refused the Domestic Insurers' motion to stay the action pending arbitration under 9 U.S.C. § 3. Under 9 U.S.C. § 16(a), "an order that favors litigation over arbitration—whether it refuses to stay the litigation in deference to arbitration; refuses to compel arbitration; denies confirmation to or modifies, corrects, or vacates an arbitral award; or grants, continues, or modifies an injunction against arbitration—is immediately appealable, even if interlocutory in nature." *Stedor Enters.,*

*Ltd. v. Armtex, Inc.*, 947 F.2d 727, 730 (4th Cir. 1991) (Wilkinson, J.); *see Madol v. Dan Nelson Auto. Grp.*, 372 F.3d 997, 998-99 (8th Cir. 2004) (concluding that where district court set aside magistrate judge's order compelling arbitration and staying litigation and reopened discovery so that parties could further develop evidentiary record, district court's order "was an order 'refusing a stay' and directing that the litigation proceed, and was thus appealable under § 16(a)"); *Koveleskie v. SBC Cap. Mkts., Inc.*, 167 F.3d 361, 363 (7th Cir. 1999) (concluding that court of appeals had appellate jurisdiction under § 16(a)(1)(C) where district court refused to compel arbitration and ruled that discovery was appropriate before a decision could be reached on the arbitration issue); *see also Salas v. GE Oil & Gas*, 857 F.3d 278, 280 (5th Cir. 2017) (citing *Koveleskie* approvingly).

As stated above, the Domestic Insurers believe that 9 U.S.C. § 16(a) confers the United States Court of Appeals for the Fifth Circuit with appellate jurisdiction over the district court's Memorandum Order. But if the Fifth Circuit concludes otherwise, the Domestic Insurers alternatively seek a writ of mandamus from the Fifth Circuit. *See McDermott Int'l Inc. v. Underwriters at Lloyds*, 981 F.2d 744 (5th Cir. 1993) (considering whether court of appeals had appellate jurisdiction under § 16(a) and, alternatively, whether appellant was entitled to writ of mandamus).

Dated: March 29, 2023

Respectfully submitted,

/s/ Sean P. Mount
Sean P. Mount, #27584
smount@deutschkerrigan.com
Bryce M. Addison, #36345
baddison@deutschkerrigan.com
Talbot M. Quinn, #36632
tquinn@deutschkerrigan.com
DEUTSCH KERRIGAN, LLP
755 Magazine Street
New Orleans, Louisiana 70130
Telephone: 504-581-5141

**COUNSEL FOR DEFENDANTS, INDIAN HARBOR INSURANCE COMPANY, QBE SPECIALTY INSURANCE COMPANY, GENERAL SECURITY INDEMNITY COMPANY OF ARIZONA, UNITED SPECIALTY INSURANCE COMPANY, LEXINGTON INSURANCE COMPANY, SAFETY SPECIALTY INSURANCE COMPANY, AND OLD REPUBLIC UNION INSURANCE COMPANY**

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served on all known counsel of record through the Court's ECF system on March 29, 2023

/s/ Sean P. Mount
Sean P. Mount